# Capital Candy Company, Inc. v. City of Montpelier

[ 249 A.2d 644 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

Reargument Denied January 9, 1969

*John A. Burgess, Esq.,* for the Plaintiff.

*McKee & Clewley* for the Defendant.

**Holden, C.J.** The plaintiff was awarded a verdict resulting from damage to merchandise, occasioned by the discharge of surface water. The theory of the case presented against the defendant was that the flooding, which occurred during a severe storm in the late fall of 1966, was caused by acts of the defendant in changing its storm sewer system on lands adjacent to the warehouse facilities leased by the plaintiff.

By way of a witness, named Milo, who had long acquaintance with the area, the plaintiff introduced evidence that an ancient catch-basin, covered by an open iron grate, formerly provided drainage facilities for a public street, designated as Scribner Place. The catch-basin formerly emptied into a storm sewer system. The land in the immediate vicinity of this receptacle was subsequently acquired by the defendant from the plaintiff's predecessor and adapted for use as a playground area for a public school located on lands adjoining. In early August of 1964 the open grate over the catch-basin was capped with a solid manhole cover. The plaintiff's evidence in this respect is sufficient to support the inference that the change in the contour of the land, incident to its conversion to a playground area and the sealing of the catch-basin, cast surface waters onto the plaintiff's property inflicting the monetary damage represented in the verdict.

Judgment was entered on the verdict and the defendant appeals. Error is assigned to the trial court's rulings in denying the defend-

'ant's motion for a directed verdict and in refusing to vacate the verdict and order a new trial.

A municipal corporation, like private persons, is liable for unlawfully invading the property of others. The flooding of private lands in the operation of a municipal sewage system constitutes an appropriation of the property that is overflowed. *Whipple* v. *Village of Fair Haven,* 63 Vt. 221, 224, 21 A. 533; *Winn* v. *Village of Rutland,* 52 Vt. 478, 494. Compare *Sanborn* v. *Village of Enosburg Falls,* 87 Vt. 479, 482, 89 A. 746. The fact that the flowage may have originated on school property and served to drain the playground affords no immunity to the city. The fact that the damage to the plaintiff's property may have been in some way related to a public function does not excuse a neglectful trespass. *Griswold* v. *Weathersfield Town School District,* 117 Vt. 224, 226, 88 A.2d 829.

The defendant complains that the evidence presented through the witness Milo is unreliable. The credibility and weight to be given his testimony, as well as the reasonable inferences it supports, are questions for the jury under proper instructions by the trial court. *Smith* v. *Blow & Cote Inc.,* 124 Vt. 64, 66, 196 A.2d 489; *O'Brien* v. *Dewey,* 120 Vt. 340, 346, 143 A.2d 130; *Perkins* v. *Vermont Hydro-Electric Corp.,* 106 Vt. 367, 399, 177 A. 631. It is only in unusual circumstances, not present in this appeal, that these questions are subject to review by this Court.

In any event, the plaintiff sustained its burden of proof. Its evidence was sufficient to satisfy the jury that the acts of the defendant, in maintaining its drainage system, caused or contributed to the flood damage inflicted on the plaintiff's property. And the defendant offered little, if anything, to meet the plaintiff's case. Its motion for a directed verdict was properly denied. *Perkins* v. *Vermont Hydro-Electric Corp., supra,* 106 Vt. at 402, 177 A. 631 (reversed on other grounds).

After the jury made its award, the defendant moved for judgment notwithstanding the verdict. Except for the question of contributory negligence, the merits of the defendant's motion for judgment have been resolved by our consideration of its motion for a directed verdict. In the matter of contributory negligence, the defendant contends the plaintiff's officers knew that surface water flowed into the property while its storage facilities were under construction.

Despite this knowledge, construction was completed and the plaintiff leased and occupied the warehouse when it was overflowed.

■■■ The mere fact that there was a possibility—or even a probability, that the plaintiff's premises could be overflowed by the defendant's neglect, does not preclude the plaintiff from using the land as it saw fit. It had the right to improve and use its leasehold, notwithstanding the possibility of overflow from the defendant's negligent draining of the land above. Otherwise, the defendant could deprive the adjacent owner of full use and enjoyment of his property by force of its own wrongdoing. In these circumstances, contributory negligence affords no defense. To bar recovery on this ground, the injury inflicted must have been foreseen with certainty and the consequent damage inevitable. *North Bend Lumber Co.* v. *City of Seattle,* 116 Wash. 500, 199 P. 988, 19 A.L.R. 415, 422 and annotation ; 56 Am. Jur., Waters §439. See also *Gilson* v. *Delaware & Hudson Canal Co.,* 65 Vt. 213, 220, 26 A. 70.

As an alternative to its motion for judgment, the defendant requested the verdict be set aside to make way for a new trial. The reason advanced, in support of the motion, is that the question of liability turned on the evidence concerning the elimination of the drain located along the line of Scribner Place and the playground. The defendant urges that this evidence took the city by surprise. It seeks to excuse its failure to request a continuance at the time of trial because it regarded the plaintiff's evidence on the point to be too weak to impose liability. It further points out that the city manager, who visited the area with the witness Milo, has since deceased and his successor has no knowledge of the area.

■■ The motion in question invoked the lower court's discretion. It had to stand or fall according to the strength of its appeal to the judgment and conscience of the court to which it was addressed. *Lewis* v. *Gagne,* 123 Vt. 217, 220, 185 A.2d 468 ; *Hubbard* v. *Hubbard,* 77 Vt. 73, 78, 58 A. 969, 67 L.R.A. 969.

■■ The failure of the defendant to request a continuance at the time of its surprise weakens its standing. *Briggs* v. *Gleason,* 27 Vt. 114, 116. It does not appear that the defendant resorted to the pre-trial discovery procedures available to it to avoid the surprise of which it now complains. And the defendant has not demonstrated it

could present a stronger defense, capable of changing the result reached in the first instance. *Noyes* v. *Spaulding.* 27 Vt. 420, 430. It is not the proper function of a new trial to reopen a doubtful controversy. *Usher* v. *Allen,* 89 Vt. 545, 546, 95 A. 809. No error appears.

*Judgment affirmed.*