2011 VT 80

### K. Benjamin CHENEY v. CITY OF MONTPELIER

[27 A.3d 359]

No. 10-374

¶ 1. July 25, 2011. Landowner, Benjamin Cheney, appeals a civil division decision reversing a small claims award in his favor. Contrary to the small claims court, the trial court held that landowner had failed to prove claims of negligence or trespass on the part of defendant, the City of Montpelier, resulting from a ruptured water main. We affirm the trial court but on alternate grounds.

¶ 2. Landowner owns an apartment building on Main Street in downtown Montpelier. At two o'clock in the morning on February 4, 2009, the water main adjacent to this property ruptured, and the resulting leak flooded the basement. The City responded promptly, stopping the release of water and repairing the cracked pipe. The leak caused landowner $2980 in damages.

¶ 3. The pipe that ruptured was a cast-iron section roughly ten feet long, similar to the piping present throughout the City's water and sewer system. It may have been as much as one hundred years old. Its exterior was corroded, which may have weakened or thinned the pipe. Given the low elevation of this area of the City, this particular section of pipe had relatively high water pressure, though still below the pipe's rating when new. The section was buried more than five and a half feet below the surface of the street, in accordance with the City's regular practice to avoid frost damage; there was no frost discovered immediately around the pipe.

¶ 4. Since 1995, two other water-main breaks have occurred not far from this break, though in separate sections of pipe, flooding an adjacent property and landowner's building, but before landowner had purchased it. The City repaired these earlier breaks but did not replace the sections of cast-iron pipe. There was no clear cause of the break in 2009, though witnesses speculated that a deep frost could have exerted additional pressure down on the pipe, causing it to break. According to the findings from the small claims court, routine maintenance would not have prevented such a break. Only replacement of the entire system with newer pipes could have prevented this rupture.

¶ 5. Landowner filed suit in small claims court, requesting roughly $4600 in damages resulting from the City "negligently repair[ing] or not replac[ing]" the water main in question. The City responded that it had used all due care required of it by applicable state standards and that it had followed the "advice and guidance of its engineers" in using "reasonable care in allocating its scarce resources." The City also claimed municipal immunity should bar landowner's recovery. The small claims court found for landowner, holding that the City was negligent in its failure to adequately maintain its water system and thus prevent injuries like landowner's. The small claims court held that "[t]he City's reasonable approach would have been to adjust its Replacement Plan and to prioritize the replacement of this section of pipeline which had already ruptured twice. The City did not exercise needful or reasonable care when it failed to replace this pipe."

¶ 6. The City appealed this decision to the trial court. Relying on the small-claims-court findings, the trial court held that landowner, as plaintiff, had failed to meet his burden of proof that the City had been negligent because the small claims court "made no finding with regard to the standard of skill and care required under the circumstances, and the record contains no evidence that would support one." Without any expert testimony, the court held, landowner could not prove a breach of duty, and any potential negligence on the City's part was "not so obvious that a layperson could be expected to evaluate it without expert assistance." The court also denied landowner's claim of trespass.

¶ 7. This Court granted landowner's request to review the trial court's decision. V.R.S.C.P. 10(e). As the trial court is limited to the record from the small claims proceeding and may address only questions of law, we in turn review the small claims court decision de novo. *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543, 758 A.2d 811, 813 (2000) (mem.); see V.R.S.C.P. 10(d).

¶ 8. Landowner first claims the City is liable for his damages because it was negligent in failing to replace aging water pipes that had repeatedly failed. He claims the trial court erred in applying a professional negligence standard to this question when a reasonable person standard would be more applicable and cites *Stoneking v. Orleans Village*. 127 Vt. 161, 167, 243 A.2d 763, 767 (1968) ("[I]n the maintenance of its public sewers a city is bound to exercise that care and prudence to keep them free from obstruction which a discreet or cautious individual would or ought to use if the whole risk or loss was to be his alone."). We need not reach this argument because we hold that landowner failed to prove a necessary element of the negligence claim. See *Alpine Haven Prop. Owners Ass'n v. Deptula*, 2003 VT 51, ¶ 10, 175 Vt. 559, 830 A.2d 78 (mem.) (affirming trial court decision on alternate grounds).

¶ 9. To succeed on a claim of negligence, a plaintiff must prove four elements: duty, breach, causation and harm. *Lenoci v. Leonard*, 2011 VT 47, ¶ 9, 189 Vt. 641, 21 A.3d 694 (mem.). Putting the trial court's reasoned opinion to one side, landowner failed to prove that the water main broke due to the City's breach of duty. Rather than make a finding as to the cause of the water main break, the small claims court made a *Krupp* finding:

> Although the City officials surmised that the pipe ruptured due to the frost forces, they could not opine so with certainty. They did

determine that the vertical split occurred because of pressure from above. The factors that may have contributed to the rupture as testified to by the City officials included age, deterioration and corrosion, and frost pressure.

See *Krupp v. Krupp*, 126 Vt. 511, 514, 236 A.2d 653, 655 (1967) ("A recitation of evidence in findings is not a finding of the facts . . . ."). This is insufficient ground to support judgment in landowner's favor on this question. See *Keegan v. Lemieux Sec. Servs., Inc.*, 2004 VT 97, ¶ 11, 177 Vt. 575, 861 A.2d 1135 (mem.) (denying plaintiff's claim because she failed to prove essential element of negligence as a matter of law). While we look to a factfinder's legal conclusions when the exact nature of its findings are in doubt, see *McNally v. Dep't of PATH*, 2010 VT 99, ¶ 8, 189 Vt. 515, 13 A.3d 656 (mem.), here the small claims court merely concluded: "The City's failure to maintain the involved old pipe which has ruptured at least three times was the proximate cause of this break and damage to [landowner]." There are no factual findings supporting this conclusion. To the extent this conclusion could be considered one creating strict liability on the part of the City, neither the small claims court nor landowner has provided authority or made an express argument in support of this contention.

¶ 10. Landowner's second claim is that the City was using its land in a way that created an unreasonable risk of harm to others. The repeated breaking of the pipes, argues landowner, shows how unreasonable the risk was, and the break in February 2009 that ultimately damaged his property was the result of this risk. Accordingly, he claims the City is liable under Restatement (Second) of Torts § 371 (1965). His analysis rests almost entirely on *Capital Candy Co. v. City of Montpelier* and like cases. 127 Vt. 357, 249 A.2d 644 (1968). That reliance is mis-

placed. *Capital Candy* affirmed a jury verdict for the plaintiff, against the City, where the City capped an existing storm water catch-basin and regraded its property so more surface-water ran off onto the plaintiff's land, resulting in damage to the plaintiff. This Court upheld the jury's verdict because the City mainly contested the case on evidentiary credibility, a question for the jury. *Id.* at 359, 249 A.2d 645-46. Unlike landowner's cited authority, here there is no evidence or allegation that the City has taken an affirmative act that created this claimed "unreasonably dangerous condition" on its land. Moreover, our review of § 371 has revealed no cases suggesting that the passive condition of a defendant's land can give rise to such an unreasonable risk of harm and create liability, nor does landowner provide any additional supporting authority. We affirm the trial court.

¶ 11. We need not reach landowner's final argument on appeal as we have affirmed the trial court on alternate grounds and do not address whether that court's ruling was "contrary to the rules governing small claims," as landowner suggests.

*Affirmed.*