*Chandler v. Concord Group Insurance Co.*, No. 153-3-10 Wmcv (Teachout, J., May 29, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                             **CIVIL DIVISION**
**Washington Unit**                                            **Docket No. 153-3-10 Wmcv**


**CHARLES CHANDLER**
      **Plaintiff**


      **v.**


**CONCORD GROUP INSURANCE CO.**
      **Defendant**


### DECISION
#### Concord's Motion to Dismiss, filed May 5, 2010
#### and Motion for Summary Judgment, filed January 15, 2013

This is one of two related cases that have proceeded on parallel tracks. In this case, Charles Chandler seeks a declaration that Concord Group Insurance Co. (Concord) is obligated to provide insurance coverage in a separate suit in which he and his business are defendants. In *Ainsworth v. Chandler Electric Co.*, No. 410-8-10 Wmcv, filed against Mr. Chandler by his wife (his girlfriend at the time the case was filed), she seeks compensation for injuries sustained when she visited him at his work place and fell on the stairs.

The trial court in the underlying personal injury case initially granted summary judgment denying liability based on a ruling of premises liability law. That ruling resolved Concord's policy obligations (this case) as well. Both cases were appealed. The Supreme Court reversed the summary judgment ruling on the basis of currently applicable standards in premises liability law. *Ainsworth v. Chandler*, 2014 VT 107, ¶¶ 10–11. As a result, both cases were remanded to the trial court, and both cases are presently pending. On remand, Concord asks the Court to rule on two motions that were dismissed as moot at the time of the original trial court ruling that was appealed: its Motion to Dismiss (filed May 5, 2010) and its Motion for Summary Judgment (filed January 15, 2013). As a result of the reversal of the summary judgment ruling and the remand, these motions are no longer moot.

The Motion to Dismiss addresses all of the claims against Concord. In the summary judgment motion, Concord's claim is that it is relieved of any obligation to its insured because Mr. Chandler violated his duty to cooperate with Concord. Because the summary judgment motion addresses the most significant issue in this case and is based on facts established through the summary judgment process, the Court will address it first.

*Background*

Mr. Chandler and Ms. Ainsworth allege that she tripped on the steps at his business premises in May 2009. According to her medical records, she was diagnosed the following day with a sprained ankle. Concord first received notice of the alleged incident in February 2010, nine months later, through Mr. Chandler's insurance agent. Mr. Chandler refused to sign a non-waiver agreement and took the position that Concord's professed need to investigate the claim was a ruse and, in effect, a wrongful denial of the claim. When Concord declined to pay the claim without having looked into it even modestly, he filed this lawsuit against Concord and his insurance agent in March of 2010.

There are numerous counts in the complaint, which was originally brought against both Concord and the insurance agent. The agent obtained judgment early in the case based on a ruling on its motion to dismiss. The thrust of the complaint against Concord is that Mr. Chandler concedes liability to Ms. Ainsworth for injury to her on his business premises, and he faults Concord for not paying her claim for over a million dollars. He has stipulated to both liability and damages in her personal injury suit.

*Motion for Summary Judgment on Noncooperation*

In its summary judgment motion, Concord claims that it should be relieved of its obligations under the policy due to Mr. Chandler's prejudicial refusal to cooperate with it. "The primary purpose of a cooperation clause is to enable insurers to make a proper investigation while the information is fresh, enable them to decide upon their obligations, and protect them from fraudulent and false claims."[1] *Smith v. Nationwide Mutual Ins. Co.*, 2003 VT 61, ¶ 12, 175 Vt. 355. The insured's refusal to comply with the duty to cooperate may "vitiate the policy and relieve the insurer of its obligation to defend or indemnify the insured." *Id*. ¶ 10. It will not do so, however, unless the insurer proves prejudice. *Id*. ¶ 15.

In *Smith*, the insured gave the insurer timely notice of the claim. He did not interfere with the insurer's investigation, and the insurer was able to develop evidence in defense of the claim without the insured's participation. The insured's peculiar beliefs about his rights and how others should address him made him difficult. As the Vermont Supreme Court explained, though the insurer had numerous available ways to protect its and its insured rights despite the insured's odd behavior, it chose instead to do nothing. The insured's liability was established by default. Because the insured's noncooperation did not prejudice the insurer, however, the insurer was not relieved of its policy obligations.

The facts in this case are different. Ms. Ainsworth was Mr. Chandler's girlfriend at the time of the alleged injury. They married shortly after she filed suit against him. There are no witnesses to Ms. Ainsworth's alleged accident other than Ms. Ainsworth and Mr. Chandler. Mr. Chandler has actively prevented Concord from effectively investigating the incident by not reporting it for numerous months after the fact, not allowing Concord's investigator access to the premises where it allegedly occurred, staging his own photographs of the stairwell where the fall

---

[1] The policy's cooperation and related duties of the insured appear in the Commercial General Liability Coverage Form at § IV(2). There is no dispute about the policy language or its precise meaning.

2

allegedly occurred long after the fact, seizing on opportunities to obstruct Concord's ability to develop the evidence under the discovery rules, and interfering with Concord's ability to conduct effective depositions.

While on the one hand attempting to thwart Concord's ability to investigate and defend, he has attempted to establish the validity of Ms. Ainsworth's claim and voluntarily accept all liability. In violation of his duty to not undertake any obligations without Concord's assent, Commercial General Liability Coverage Form at § IV(2)(d), he purported to settle all claims against him by Ms. Ainsworth in a document executed by both parties but not by Concord. Such an unauthorized settlement alone typically is enough to release the insurer of any obligation to contribute. Allan D. Windt, 1 Insurance Claims and Disputes § 3:9 (6th ed.) (WL updated Mar. 2015). He also has embroiled Concord in protracted litigation by attempting in overlapping suits filed in the federal district courts of Vermont and Massachusetts to establish his own liability to Ms. Ainsworth or Concord's liability to him. Moreover, he has repeatedly attempted to disqualify judges, court staff, and Concord's counsel for reasons that have not been found to be valid.

Despite Mr. Chandler's conduct, Concord has acted to protect Mr. Chandler's rights. It successfully intervened in the tort case and persuaded the Vermont Superior Court to rule in Mr. Chandler's favor on the claim against him.

It appears clear that Mr. Chandler has colluded with Ms. Ainsworth in an effort to establish Concord's liability to pay the claim of his now-wife. Ordinarily, a close or familial relationship between a claimant and the insured can warrant "heightened scrutiny." Deborah Etlinger et al., 3 Law and Prac. of Ins. Coverage Litig. § 36:10 (WL updated June 2014). The record in this case and the related personal injury case demonstrate a sustained pattern of collusion. See Steven Plitt et al., 14 Couch on Ins. § 199:33 (WL updated Nov. 2014) ("An insured will be deemed to have breached a cooperation clause of a liability insurance policy where he or she appears to be assisting the claimant in the maintenance of his or her action.").

Mr. Chandler has breached his obligation to cooperate with Concord while Concord has been attempting to fulfill its policy obligations. On this record, prejudice is established as a matter of law. Concord is relieved of its defense and indemnity duties under the policy.

*Motion to Dismiss*

The court's summary judgment ruling disposes of all claims against Concord except, potentially, count 4 (seizure of his image) and count 13 (revocation of Concord's license). Count 4 is dismissed as unintelligible. Nowhere in the record of this case is there any indication of what Mr. Chandler might mean by "seizure of his image" and how such a thing could possibly lead to Concord's liability. Count 13 is dismissed because the court has no jurisdiction to revoke Concord's license.

## ORDER

For the foregoing reasons, Concord's Motion for Summary Judgment (MPR #43) and Motion to Dismiss (MPR #4) are *granted*.  All other pending motions are dismissed as moot.

Dated at Montpelier, Vermont this _____ day of May 2015.


_____
Mary Miles Teachout,
Superior Judge