*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-242

FEBRUARY TERM, 2017

| | | |
|---|---|---|
| Robert Grundstein | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Lamoille Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Miriam Levin and Greg Sargeant | } | DOCKET NO. 87-4-10 Lecv |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Plaintiff Robert Grundstein appeals pro se from a superior court judgment in favor of defendants. We modify the damage award and affirm in all other respects.

This is the latest in a series of appeals brought by plaintiff in connection with the partition of a camp property located on Lake Eden. In brief, the record discloses as follows. Plaintiff and defendant Miriam Levin are brother and sister who, together with two other siblings, inherited the camp property. Following a partition action, the trial court entered a judgment assigning the property to plaintiff on condition that he pay each of his siblings the sum of $25,000 for their share no later than June 1, 2008, and in the event that he failed to pay, providing that the property would be put up for sale. Plaintiff did not make the required payments, and his three siblings then entered into a purchase and sale agreement with a buyer in the summer of 2008, as authorized by the judgment. When plaintiff refused to vacate the property, the siblings obtained an injunction order requiring him to vacate the property and remove his personal possessions. Plaintiff appealed the order, which this Court affirmed. Levin v. Grundstein, No. 2008-417, 2009 WL 2427820 (Vt. Mar. 5, 2009) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/eo08-417.pdf.

Plaintiff continued to interfere with the sale by failing to vacate and remove his personal possessions, in violation of the court order, and the siblings were then forced to apply for and obtain an order of contempt, which plaintiff again appealed and this Court affirmed. Levin v. Grundstein, No. 2009-254, 2010 WL 1266673 (Vt. Apr. 1, 2010) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2006-2010/eo09-254.pdf. Unfortunately, as the opinion noted, "the closing did not occur because of [plaintiff's] refusal to obey the injunction." Id. at * 1. As the court in this proceeding explained further, plaintiff's continued occupation of the camp caused the buyers to cancel the sale when they could not exercise their right to conduct a final walk-through.

The dispute continued. Following a hearing in February 2011, the trial court granted the siblings' motion to amend the partition judgment by assigning them title to the property and

granting plaintiff a one-quarter interest in the proceeds of any sale. The court also awarded attorney's fees of over $10,000 to the siblings, finding that plaintiff's intentional and repeated efforts to delay and frustrate their established right to sell the property, in violation of a court order, entitled them to attorney's fees under the limited exception to the "American Rule" for wrongful conduct. Plaintiff appealed, and this Court again affirmed. Levin v. Grundstein, No. 2011-201, 2013 WL 2631310, at * 2 (Vt. April 18, 2013) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo11-201.pdf.

The instant appeal arose from a complaint filed by plaintiff for conversion of the personal property that he left at the camp.[1] Defendants counterclaimed for abuse of process and malicious prosecution, seeking to recover for the financial loss incurred from the failure of the planned sale of the camp and other damages. The action was consolidated with the ongoing partition proceeding.[2] The trial court held an evidentiary hearing on the claims in July 2015, and thereafter issued a written ruling setting forth its findings and conclusions. Although pro se in this appeal and throughout most of these proceedings, plaintiff was represented by counsel at the hearing.

With respect to the conversion claim, the court noted that plaintiff had waived the claim at the hearing and was only contesting whether he owed any fees for storage of the personal property removed by his siblings.

Turning to defendants' counterclaims, the court rejected the claim for abuse of process but concluded that defendants had established all the requisite elements for malicious prosecution. See Siliski v. Allstate Ins. Co., 174 Vt. 200, 203 (2002) (observing that, to recover for malicious prosecution, plaintiff must show that defendant instituted proceeding without probable cause, that defendant did so with malice, that proceeding terminated in plaintiff's favor, and that plaintiff suffered damages as a result of proceeding). The court found that plaintiff's multiple post-partition motions and appeals were baseless; that there was no objectively reasonable basis to believe that they were meritorious; that they were brought by plaintiff "in bad faith and with ill will and actual malice" and "solely out of spite and for the purpose of thwarting his siblings and preventing them from exercising their rights duly granted them by the partition judgment"; and that defendants prevailed in all of them. The court further found that, as a result, defendants had incurred damages totaling $84,218, which included damages for the lost sale of the camp, for subsequent property repairs and maintenance, for property taxes paid, and for moving and storage fees for plaintiff's personal property, as well as the previously awarded attorney's fees. The judgment provided that it would constitute a lien against plaintiff's share of any net proceeds from the sale of the camp and would be satisfied initially out of such proceeds. This appeal followed.

---

[1] The complaint also named the owner of a facility where the property was stored, but that individual was dismissed by plaintiff.

[2] Although Levin was the only sibling named as a defendant in plaintiff's conversion complaint, all of plaintiff's siblings are parties to the partition proceeding which was consolidated with and merged into this action, and the court appears to have assumed that the case involved all of the siblings. Accordingly, we deny plaintiff's motion to "strike parties Leon Grundstein and Margaret Grundstein from the title of Levin's brief."

Plaintiff raises numerous claims that we shall attempt to parse and address in order. First, plaintiff contends that he was not afforded "fair notice of the likely severity" of the damage award, in violation V.R.C.P. 8[3] and his constitutional due-process rights. Plaintiff does not assert, nor does the record show, that he raised this claim below, and therefore it was not properly preserved for review on appeal. See In re Entergy Nuclear Vt. Yankee, LLC, 2007 VT 103, ¶ 12, 182 Vt. 340 (holding that, although pro se appellants are afforded "greater flexibility," this did not dispense with basic rule requiring preservation of claim).

Moreover, plaintiff provides no record citations to support the claim, and this too is sufficient to reject it, even accounting for the leeway that we generally afford pro se litigants. See Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (concluding that, even with "wider leeway" afforded pro se litigants, appellant's argument failed to meet minimum standards for contents of appellant's brief required by V.R.A.P. 28(a)); Jordan v. Nissan N. Am., Inc., 2004 VT 27, ¶ 10, 176 Vt. 465 (noting that this Court will not search record for errors inadequately briefed); V.R.A.P. 28(a)(4) (providing that appellant's brief must set forth arguments with appropriate citations to authorities, statutes and parts of record that support them).[4] Finally, we note that it was clear from their counterclaim that defendants were specifically seeking monetary damages incurred from the lost sale of the camp, for the costs incurred in moving and storing plaintiff's property, for attorney's fees incurred in responding to baseless filings, and for other damages in law and equity as were just. This was sufficient to put plaintiff on notice of the damages sought. See Pareira v. Wehner, 133 Vt. 74, 78 (1974) (observing that essential question is whether pleading of damages provided opposition "sufficient notice to prepare a defense").

Plaintiff has also alleged that "[t]here was no evidence of malice in the record" and "no evidence of damages," but again the claims are unsupported by any citations to the record or relevant authority, and we therefore decline to address them. Pcolar, 2012 VT 58, ¶ 19. Plaintiff also asserts that defendants failed to "prove the prima facie elements of her counterclaim" and that the damages awarded were "grotesquely excessive." The argument could be liberally construed as a claim that the damages for the lost sale of the camp and related camp expenses incurred by defendants were not properly awarded for malicious prosecution. The trial court here specifically found, however, that immediately after its orders of September 29, 2008, October 3, 2008, and October 8, 2008, requiring plaintiff to vacate the property, plaintiff filed a series of baseless pleadings, including an appeal and various motions, "seeking to delay and/or avoid the court's" orders, and that as a result of his continued possession and "attempt[s] to evade or undercut the partition judgment" the sale could not close by the extended closing date of October 14, 2008. The financial loss to defendants from the failure of the sale and the additional carrying costs that they incurred were a natural and probable consequence and were properly awarded as damages. See, e.g., Crosson v. Berry, 829 N.E.2d 184, 191 n.4 (Ind. 2005) ("In an action for malicious prosecution the plaintiff may recover all damages which are the natural and probable consequences

---

[3] This Rule provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks." V.R.C.P. 8(a).

[4] Plaintiff has included in this argument a reference to the "excessive fines" clause of the Eighth Amendment but the claim, such as it is, consists of one line and is not briefed sufficiently to address on appeal. See Pcolar, 2012 VT 58, ¶ 19.

3

of the malicious prosecution." (quotation omitted)); <u>Millennium Equity Holdings, LLC v. Mahlowitz</u>, 925 N.E.2d 513, 528 (Mass. 2010) (noting that, in actions for malicious prosecution, "the law is maliciously used for a purpose for which it is not intended, and the party injured is allowed to recover all such damages as are the natural and probable consequences of the action complained of" (quotation omitted)).

Plaintiff further asserts that there was no evidence to support the abuse-of-process claim, but, as noted, the court did not predicate the award on that claim. He also asserts that the evidence was insufficient to support an award of punitive damages, but the court did not award punitive damages in this case.

Plaintiff next contends that the trial judge "should have recused himself," arguing that the amount of the award alone "was sufficient" to prove bias, and that the trial judge had "a history of personal animus" toward plaintiff as demonstrated by a variety of rulings against him. These allegations are insufficient to demonstrate bias. See <u>Ball v. Melsur Corp.</u>, 161 Vt. 35, 45 (1993) (observing that judicial bias "must be clearly established by the record" and is not shown merely "by pointing out only a number of unfavorable rulings"), abrogated on other grounds by <u>Demag v. Better Power Equip., Inc.</u>, 2014 VT 78, 197 Vt. 176. Plaintiff's related argument that he should have had the "peremptory" right to remove a judge is unsupported, and contravenes the salutary and well settled principle that courts enjoy a "presumption of honesty and integrity" and the burden is on "the moving party to show otherwise." <u>Ainsworth v Chandler</u>, 2014 VT 107, ¶ 15, 197 Vt. 541 (quotations omitted).

Plaintiff next asserts that the award of attorney's fees was unsupported by the law or the facts and constituted a court "sanction" imposed without due process. As noted, the propriety of the attorney's-fee award was previously challenged and affirmed on appeal, and the instant claims are therefore barred by the principle of res judicata. See <u>Kellner v. Kellner</u>, 2004 VT 1, ¶ 8, 176 Vt. 571 (mem.) (holding that res judicata bars litigation of claims that were or could have been raised in prior proceeding where there exists final judgment in which parties and subject matter were substantially identical). We note, however, that having obtained a final judgment for their attorney's fees in the partition action, defendants are not entitled to a second judgment in this case awarding the identical relief. Therefore, the judgment in this case must be reduced by $14,946, which the court here found was the amount of the previous attorney's fee award of $10,600 plus interest.

Plaintiff also asserts that the court was not entitled to take judicial notice of findings in prior orders in this litigation. The claim is unfounded. See <u>In re A.M.</u>, 2015 VT 109, ¶ 31, 200 Vt. 189 (upholding court's prerogative to take judicial notice of findings made in earlier proceedings in same case).

Plaintiff next appears to contend that the court erred in denying a motion to compel mediation. The decision to send the case to mediation was discretionary with the court, <u>City of Newport v. Village of Derby Center</u>, 2014 VT 108, ¶ 31, 197 Vt. 560, and plaintiff has not shown that the court abused its discretion in concluding that mediation would not have been productive and would have resulted only in further delay. Under the same argument, plaintiff also appears to assert that he was denied a right to speedy trial, but the claim is unsupported by any pertinent legal

4

authority demonstrating such a right in the civil context or record citations demonstrating any undue delay or resulting prejudice.

Finally, plaintiff asserts that his right to a jury trial was denied. The record discloses that the trial court granted plaintiff's affirmative request for a bench trial, and therefore any claim in this regard was waived.

The judgment is modified to provide an award in the amount of $69,272, and is affirmed in all other respects.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice