**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-176

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2023

Robin Vose v. Laurey Packard*

}   APPEALED FROM:
}   Superior Court, Addison Unit,
}   Civil Division
}   CASE NO. 21-CV-01738
     Trial Judge: Thomas Carlson

In the above-entitled cause, the Clerk will enter:

Defendant appeals a civil division order denying her post-judgment motions seeking relief from a stipulated judgment order.  We affirm.

In June 2021, plaintiff filed suit against defendant to remove defendant from a building owned by plaintiff.  Plaintiff's complaint alleged that defendant was living at the property without permission, the property was not fit for human habitation, plaintiff permitted defendant to store some belongings there, plaintiff had demanded defendant quit possession, and defendant refused to leave.  Plaintiff sought to restore possession and moved for summary judgment. Defendant appeared through an attorney and answered that she had an oral rental agreement, that plaintiff was attempting to circumvent the moratorium on evictions, and that plaintiff was attempting an illegal eviction.

The parties were both represented by counsel.  In March 2022, a day before a scheduled merits hearing, the parties agreed to a stipulated judgment order.  Pursuant to that order, plaintiff was granted possession of the property, defendant was required to leave by May 31, 2022, and all other claims were dismissed with prejudice.  On May 25, 2022, based on plaintiff's representation that she had attempted but been unable to serve defendant, the court issued an order declaring that defendant was deemed to have been served with the writ of possession and directing the sheriff to execute the writ of possession and remove defendant from the property on June 1, 2022, if she was still present.  Defendant's counsel moved to withdraw on the basis that defendant had not responded to counsel's attempts to contact her and that the matter was concluded.  The court granted the request.

Defendant pro se moved to vacate the judgment and stay enforcement, and for time to secure new counsel. Defendant claimed that the stipulated judgment was contrary to her interests, and she had been suffering from post-traumatic stress disorder (PTSD) when she signed it. She then entered a notice of appearance to represent herself and filed a complaint for illegal eviction. Plaintiff opposed defendant's motion to vacate, arguing that defendant had not presented an adequate basis for relief. On May 31, 2022, the court denied defendant's request to vacate the judgment.

The writ of possession was executed on June 1, 2022. Defendant subsequently filed motions regarding retrieval of her possessions from the property, including asking the court to require plaintiff to hold the property without charge and to allow defendant to retrieve it on a specific date. The court denied defendant's motions related to retrieving her property on June 23, 2022.[1] On June 24, 2022, defendant filed four notices of appeal, seeking to appeal the court's orders denying her request to have plaintiff store her property without charge, granting plaintiff's motion to have the writ deemed served, and denying her request to vacate the stipulated judgment.

As an initial matter, we clarify the scope of the appeal. In her appellate briefs, defendant presents arguments regarding the merits of plaintiff's underlying action for ejectment and asserts that she was a tenant and plaintiff violated the warranty of habitability. We do not address any of those arguments because the merits of the case are not before this Court. Defendant entered a stipulated judgment, which was not appealed. This appeal is limited to the post-judgment orders listed in defendant's notices of appeal.

As to those orders, defendant first argues that the court erred in denying her motion to vacate the stipulated judgment. Under Vermont Rule of Civil Procedure 60, the trial court has discretion to relieve a party from a final judgment for certain enumerated reasons not applicable here and for "any other reason justifying relief from the operation of the judgment." V.R.C.P. 60(b)(6). "We review a court's exercise of discretion in denying a request for relief under Rule 60(b)(6) for an abuse of discretion." Penland v. Warren, 2018 VT 70, ¶ 6, 208 Vt. 15.

In exercising its discretion here, the court noted the following relevant facts. The parties, both represented by counsel, entered a stipulated judgment a day before a scheduled three-hour hearing after the case had been pending for almost a year. The stipulation gave plaintiff possession and allowed defendant approximately two months to vacate the property. After plaintiff attempted unsuccessfully to serve defendant with a writ of possession, the court granted a request for deemed service. Defendant later asserted that she had ignored her mail for weeks and was at work when the sheriff attempted service. Defendant waited until May 26—two months after the stipulation was entered and days before plaintiff was to receive possession of the home on June 1—to move to vacate the judgment. She represented that she was suffering from PTSD when she agreed to the stipulated judgment. The trial court acknowledged the

---

[1] Even after this appeal was filed, defendant continued to file motions in the civil division. We do not address the motions and orders that were filed after the notice of appeal.

hardship for defendant of moving out but concluded that defendant's last-minute motion failed to provide a sufficient basis to overturn a settlement entered by represented parties.

The court acted well within its discretion here in that defendant failed to assert the necessary "extraordinary circumstances" to support granting a Rule 60(b) motion. See John A. Russell Corp. v. Bohlig, 170 Vt. 12, 24 (1999) (explaining that purpose of Rule 60(b) is not to reconsider matters already concluded but only for extraordinary circumstances). Defendant claimed that she had PTSD at the time of the settlement, that the settlement was not in her interest, and that her attorney did not properly represent her.[2] Even accepting defendant's assertion that she had PTSD at the time of the settlement, she did not explain how her PTSD created an extraordinary circumstance warranting relief or how it prevented her from bringing her motion to vacate before the last minute. The fact that after the settlement was entered defendant changed her mind and determined that the settlement was not in her interests was not sufficient to vacate the settlement. "Rule 60(b) does not protect a party from tactical decisions which in retrospect may seem ill advised." Rule v. Tobin, 168 Vt. 166, 174 (1998) (quotation omitted). Moreover, the court acted within its discretion in rejecting the motion to vacate based on defendant's assertion that her lawyer provided bad advice. A Rule 60(b) motion is meant to prevent "hardship or injustice," not to protect a party from poor decisions or even a "counsel's careless ignorance of the law." Id. at 174.

Defendant claims that the trial judge was biased against her and therefore should have disqualified himself from the case. Defendant did not move to disqualify the judge below and therefore has failed to preserve this argument for appeal. Ainsworth v. Chandler, 2014 VT 107, ¶ 16, 197 Vt. 541. In any event, defendant's assertion that the judge was biased because he did not rule in her favor is not a sufficient basis to disqualify the trial judge. See id. (explaining that adverse ruling "does not, in itself, constitute evidence of bias").

Finally, defendant argues that the court erred in denying her motion in late June to require plaintiff to store defendant's property without charge and to prevent plaintiff from disposing of defendant's property. Under the stipulated judgment, defendant was required to vacate the property by May 31, 2022. The stipulation did not place any requirements on plaintiff regarding the disposal of defendant's personal items left on the property after May 31. Having determined not to vacate the judgment, the court did not err in denying defendant's motion, filed well past the date she was required to vacate the property under the stipulated judgment order. This was consistent with the stipulated judgment.

As a final matter, we address two pending motions. Defendant moves to compel plaintiff to serve defendant with paper copies of documents filed with the Court in addition to providing service by email. In response, plaintiff has indicated that attempts to send paper copies to

---

[2] On appeal, defendant makes a general assertion that the court erred in granting her attorney's motion to withdraw. The court's order was consistent with the relevant civil rule, which provides that after a judgment becomes final an attorney should be granted leave to withdraw "as a matter of course." V.R.C.P. 79.1(f). Because defendant's attorney moved to withdraw after final judgment was entered, the court acted within its discretion in granting the request.

defendant have resulted in defendant refusing to accept the documents. Because it is evident from the record that both sides have received all documents submitted to this Court, the motion to compel is denied. Plaintiff moves to strike photographs attached to defendant's reply brief because they were not admitted in the trial court. The motion is granted. The record on appeal is limited to the documents, data, and exhibits filed in the superior court. V.R.A.P. 10(a)(1).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice