VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03071

Vermont Superior Court
Filed 12/30/24
Bennington Unit

| Teru Simon v. Anthony Williams |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion for Summary Judgment (Motion: 2)
Filer:       Susan Edwards
Filed Date:  October 22, 2024

Defendant Anthony Williams seeks summary judgment as to Count I – Ejection for Non-Payment of Rent and Count II – Breach of Contract because the termination notice for non-payment was defective, and as to Count III – No Cause (*Anticipatory) because suit was filed prior to the termination date, thereby depriving the court of subject matter jurisdiction.

Plaintiff Teru Simon opposes the motion, asserting that the notice relating to non-payment was proper, and the filing of anticipatory eviction is supported by law.

The following facts are established for purposes of this order:

Plaintiff owns the property known as 2509 Skiparee Road, North Pownal, Vermont. Plaintiff and defendant entered into a verbal rental agreement for the property. Defendant currently lives at the property. Defendant has rented the property continuously for more than two years. Defendant was paying $900 per month in rent up until April 1, 2024. Defendant was not in arrears on April 1, 2024.

Plaintiff decided to increase the rent to $2000 per month as of May 1, 2024.

At the hearing on plaintiff's motion for payment of rent into court in this matter, plaintiff's statement to defendant regarding a rent increase made at mediation was held inadmissible under the Vermont Uniform Mediation Act (12 V.S.A. §5715).

Counts I and II of the complaint are predicated on a notice of termination for failure to pay rent at the rate of $2,000 per month. Count III of the complaint is predicated on a notice of termination for failure to pay rent at the rate of $2,000 per month.

The termination notice for failure to pay rent was sent by certified mail and regular mail to defendant. Plaintiff's Escrow Hearing Exhibit 4 confirms that defendant did not receive the certified mail until July 2, 2024. The termination notice for failure to pay rent instructed defendant to quit the premises on or before July 31, 2024.

Plaintiff issued defendant a notice of termination for no-cause which indicated that he must quit the premises by August 17, 2024. Plaintiff filed her complaint on August 7, 2024, ten days prior to the date on which defendant was instructed to quit the premises for no-cause. Plaintiff acknowledged that defendant was entitled to 90 days' notice of a no-cause eviction.

Plaintiff failed to either seek permission to amend her complaint or file suit regarding the notice to quit for no-cause prior to October 16, 2024.

By affidavit and exhibits, plaintiff disputes the date that defendant received the regular mail copy of the notice of termination for non-payment, and asserts that the statutory presumption has not been overcome. Plaintiff disputes the applicability of the CARES Act to this matter. Plaintiff disputes the lack of notice of the rental increase.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); see also *Ainsworth v. Chandler*, 2014 VT 107, 47 8, 197 Vt. 541. Not every dispute as to the facts creates a genuine issue that defeats summary judgment; only disputes about facts that are material to the legal question before the court. See *In re Estate of Fitzsimmons*, 2013 VT 95, 4] 13, 195 Vt. 94 ("An issue of fact is material only if it might affect the outcome." (quotation omitted)). The court views the pleadings and affidavits in the light most favorable to the nonmoving party, Ainsworth, 2014 VT 107, 4 8, but "the nonmoving party has the burden of submitting credible documentary evidence or affidavits sufficient to rebut the evidence of the moving party." *Endres v. Endres*, 2008 VT 124, 4 10, 185 Vt. 63. See *Webb v. Leclair*, 2007 VT 65, 9.14, 182 Vt. 559 (explaining that party "may not ... rely on bare allegations alone to meet the burden of demonstrating a disputed issue of fact"); V.R.C.P. 56(c) (providing that party asserting that fact cannot be or is genuinely disputed must provide support for the assertion). "Summary judgment is mandated under the plain language of V.R.C.P. 56(c) where . . . a party 'fails to make a showing sufficient to establish the existence of an element' essential to his case and on which he has the burden of proof at trial." *Poplaski v. Lamphere*, 152 Vt. 251, 254–55, 565 A.2d 1326, 1329 (1989).

*Counts I and II*

Defendant asserts that the basis for the eviction based on non-payment is fatally flawed for two basic reasons: one, the rental increase upon which the non-payment is based was never effective, and two, the notice of termination for non-payment did not give sufficient actual notice.

The assertion that the rent increase was not effective appears based plaintiff's assumed inability to establish that fact because of the court's ruling excluding statements made during mediation at the hearing on plaintiff's motion for payment of rent into court.

Plaintiff points to alternative bases for establishing that fact, and disputes defendant's assertions that she cannot establish a lawful rental increase.

Because disputed material facts preclude summary judgment, the court cannot grant summary judgment on this issue.

Defendant's argument as to the timeliness of the non-payment termination notice rests on two pillars: the date it was received and the application of the CARES Act.

Plaintiff disputes both facts, and has provided sufficient support for her position to raise a genuine issue of material fact about both, precluding summary judgment.

*Count III*

Plaintiff's anticipatory action for possession was based on no cause, and did not ripen until the termination date contained in the no cause notice of termination ten days after the filing of this lawsuit.

Defendant argues that punctilious application of the requirements for residential evictions would not permit anticipatory filings.

Plaintiff argues that such filings are routine, and have parallels in many other contexts in Vermont courts.

There does not appear to be any Vermont Supreme Court case that directly addresses this issue.

The court is persuaded by the reasoning in *Brattleboro Housing Authority v. June Booker et al,* Docket No. 185-5-17 Wmcv, that found an anticipatory filing which did not create ambiguity regarding the termination date could go forward.

In that case, as here, the ground for the anticipatory eviction was not curable. Defendant has not been put in the position of speculating about the termination date for each of the two notices. Count III was clearly marked anticipatory on the complaint, and the court finds no undue prejudice or ambiguity resulted from the filing of the instant complaint.

For these reasons, defendant is not entitled to summary judgment as to Count III.

The motion is DENIED.

**Signed Electronically on December 24, 2024 pursuant to V.R.E.F. 9(d).**

_____
**David Barra**
**Superior Court Judge**