Filed 12/19/25

VERMONT SUPERIOR COURTCIVIL DIVISION

Chittenden Unit

Case No. 24-CV-04269

175 Main Street

Burlington VT  05401

802-863-3467

www.vermontjudiciary.org

| Robert Payson, et al v. Myer's Bagel, LLC |
|---|

### ENTRY REGARDING MOTION

Title:      Motion for Summary Judgment (Motion: 2)

Filer:      Susan J. Flynn

Filed Date: September 29, 2025

Plaintiffs Robert Payson and Kathy Brunette bring claims for nuisance, trespass and negligence because of Defendant Myer's Bagel, LLC's smoke and smells blowing onto their abutting residence.  Myer's has moved for summary judgment which Payson and Brunette oppose.  For the reasons that follow, the court GRANTS in part and DENIES in part Myer's Motion for Summary Judgment (Mot. 2).

### I. Background

#### A. Undisputed Facts

The residence of Payson and Brunette borders Myer's bagel shop in South Burlington. (Pls.' & Def.'s Stmts. Undisputed Matl. Facts ("Stmts.") ¶ 1.)  In 2023, Plaintiffs complained to the City of South Burlington about the smoke and odors from Myer's wood-fired oven.  (*Id.* ¶ 2.)  The South Burlington Development Review Board found Myer's did not comply with the city's § 3.16 General Performance and Maintenance Standards whose purpose is to "[r]educe to a reasonable minimum the dissemination of smoke, gas, dust, odor, or other atmospheric pollutant outside the structure or beyond the property boundaries in which the use is conducted."  (*Id.* ¶3 & Def.'s Stmt. Ex. A, at 2.)  Myer's subsequently installed a blower to remediate the situation. (Stmts. ¶ 4.)  Myer's operations now do not violate South Burlington's visible emissions standard.  (*Id.* ¶¶ 5-6.)

Plaintiffs have also offered specific facts through Brunette's affidavit that Myer's has not disputed in any of its evidentiary submissions.  Since Myer's opened in 2023, the predominant west wind sometimes blows its smoke and smells onto Plaintiffs' abutting property and into their home.  (Brunette Decl. ¶¶ 4, 9.)  If they open their windows, Plaintiffs find "the acrid smoke and noxious odor" "unbearable," leaving them "coughing when inhaled."  (*Id.* ¶6.)  Plaintiffs keep their windows closed to prevent Myer's "residue on surfaces and lingering smells on any easily penetrable surfaces such as carpets and curtains."  (*Id.* ¶ 8.)  They clean "constant[ly]" the "increased build-up of grime on [their] cars, outdoor furniture, and windows."  (*Id.* ¶ 10.) Myer's smoke and smell causes Payson and Brunette to stay inside, avoiding their yard and deck and limiting their ability to host guests.  (*Id.* ¶¶ 11-14.)  They assert Myer's operations has lowered their property value.  (*Id.* ¶¶ 15-17.)

## B. Disputed Facts

The parties take different views on whether Myer's blower installation successfully remediated the smoke and odors. Myer's says it did, while Plaintiffs say it did not.[1] (Stmts. ¶ 4.)

The parties also differ on the nature of Plaintiffs' senses of smell. Brunette characterizes hers as "normal" but "may be better than [Payson's]." (Pls.' Stmt. ¶ 9; Brunette Decl. ¶ 5). Payson says both he and Brunette have "heightened" senses of smell which Myer's adopts. (Def.'s Stmt. Ex. B, at 37.)

## C. Additional Allegations Offered by Plaintiffs

Payson and Brunette assert without citation or other support[2] that "additional air pollution regulations exist to which Defendant has failed to comply and harmed Plaintiffs as a result of such noncompliance." (Pls.' Opp. at 8.) They do not identify any other municipal code violation. (Def.'s Stmt. Ex. B, at 35 (transcribing a portion of Payson's deposition testimony).) The court, therefore, concludes for purposes of deciding this motion that there exist no other applicable municipal regulations with which Myer's has not complied.

## II. Discussion

### A. Summary Judgment Standard

This court applies the well quoted standard under V.R. Civ.P. 56 applicable here:

> "Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case." "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue." "[The court] give[s] the nonmoving party the benefit of all reasonable doubts and inferences." "Summary judgment is mandated where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party has the burden of proof at trial."

*Caldwell v. Champlain Coll. Inc.*, 2025 VT 17, ¶ 7 (citations omitted). "To survive a defendant's motion for summary judgment, the plaintiff must respond with specific facts to raise a triable issue and demonstrate sufficient admissible evidence to support a prima facie case." *Gates v. Mack Molding Co., Inc.*, 2022 VT 24, ¶ 14, 216 Vt. 379 (citation omitted). "[A]n opposing party

---

[1] Nevertheless, as noted above, the parties agree that Myer's operations now do not violate South Burlington's visible emissions standard. (*Id*. ¶¶ 5-6.)

[2] Plaintiffs have not, for instance, "file[d] a separate and concise statement of additional material facts" to support their implicit "assert[ion] that there are additional material facts that should be considered." *See* V.R. Civ.P. 56(c)(2).

c[an] not rest upon mere allegations or denials in its pleading."  10B Wright & Miller Federal Practice and Procedure § 2739 (4th ed.).

> 1.  Nuisance

"'The law of private nuisance springs from the general principle that it is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor.'"  *Myrick v. Peck Elec. Co.*, 2017 VT 4, ¶ 4, 204 Vt. 128, 131 (citations omitted).  "[P]laintiffs claiming a nuisance have to demonstrate actual and substantial injury."  *John Larkin, Inc. v. Marceau*, 2008 VT 61, ¶ 10, 184 Vt. 207, 211.  "To sustain such a claim, a party must show that 'an individual's interference with the use and enjoyment of another's property [is] both unreasonable and substantial.'"  *Paris v. Lussier*, No. 2010-034, 2010 WL 7791942, at *4 (Vt. July 16, 2010) (unpub. mem.) (citation omitted).

"The question of whether a particular use is 'reasonable' requires the court to consider the competing interests of the parties."  *Id.*  "Whether a particular interference is unreasonable is a question for the factfinder . . . ."  *Myrick*, 2017 VT 4, ¶ 4(citation omitted).  "'The standard for determining whether a particular type of interference is substantial is that of definite offensiveness, inconvenience or annoyance to the normal person in the community.  Substantial harm is that in excess of the customary interferences a land user suffers in an organized society.'"  *Paris*, 2010 WL 7791942, at *4 (citation omitted).  "A claim for nuisance that cannot establish that a complained-of interference is either unreasonable or substantial must fail as a matter of law."  *Myrick*, 2017 VT 4, ¶ 4.

"Compliance with the zoning ordinance may be a factor in determining whether defendants' conduct was a nuisance, but it is not determinative."  *Trickett v. Ochs*, 2003 VT 91, ¶ 14, 176 Vt. 89, 95 (citations omitted).  "Even when engaged in a lawful business use, the owner of the business must act in a reasonable manner so as not to unreasonably interfere with the rights of adjoining property owners."  *Id*. ¶ 36 (citation omitted).  "'The problem is striking a balance as nearly as possible between their respective rights.'"  *Id*. (citation omitted).  "In determining whether a land use of a lawful business constitutes a nuisance, courts must consider both the extent of the interference . . . and the reasonableness of the challenged activities in light of the particular circumstances of the case."  *Id*. ¶ 37 (citations omitted).  "Irrespective of the utility of the land use, the question may come down to whether the activities causing the harm are reasonably avoidable."  *Id.* (citation omitted).  Under these standards, the *Trickett* court reversed dismissal and remanded to the superior court a nuisance claim brought by a farmer against a neighboring orchard challenging the noisiness and pollution of the orchard's operations. *Id.* ¶¶ 8, 38–39; *see also Brouha v. Vermont Wind, LLC*, No. 5:14-cv-00063, 2014 WL 4748221, at *2 (D. Vt. Sep. 23, 2014) (Crawford, J.) (citing *Trickett* and denying motion to dismiss nuisance claim for noise from nearby wind turbine); *cf. Huard v. Henry*, No. 2007-417, 2008 WL 2781189, at *2 (Vt. May 1, 2008) (unpub. mem.) (affirming judgment for defendant where plaintiffs had not "demonstrate[d] that they suffered a substantial interference with their use and enjoyment of the property," even though they provided evidence of defendant's permit violations in their wastewater plant operations).

Myer's motion for summary judgment on Plaintiffs' nuisance claim fails because genuine disputes of material fact exist and Plaintiffs have set forth specific facts to establish a prima facie nuisance claim. Myer's bases its motion on Plaintiffs' nuisance claim on two assertions, first that "Plaintiffs claim they have a heightened sense of smell." (Myer's Mot. at 4.) Yet Plaintiffs' submissions indicate that Brunette and Payson have "normal" and "sub-par," respectively, senses of smell. (Brunette Decl. ¶ 5.) This disputed issue of material fact prevents summary judgment.

Myer's secondly faults Plaintiffs' failure to notice an expert witness to "articulate the standard for determining whether the alleged interference here is substantial and therefore constitutes an actionable nuisance." (Myer's Rep. at 2.) Plaintiffs do not need to have an expert witness to prove this element of their nuisance claim. They just need competent evidence to meet their burden. Brunette has already referenced "guests and visitors" who may presumably become Plaintiffs' trial witnesses as "normal person[s] in the community," for instance. (Brunette Decl. ¶ 13.)

Overall, Plaintiffs have set forth specific facts to establish a triable nuisance claim. Brunette's declaration outlines the various ways in which Myer's activities have interfered with her and Payson's use and enjoyment of their property. (Brunette Decl. ¶¶ 4-17.) The court, therefore, denies summary judgment on Plaintiffs' nuisance claim.

2.  Trespass

The Vermont Supreme Court has discussed the overlap of the torts of nuisance and trespass involved in this case. *John Larkin, Inc. v. Marceau*, 2008 VT 61, 184 Vt. 207, involved a trespass claim between neighbors, one of whom sprayed pesticides in his apple orchard that the other claimed blew onto and damaged his property. *Id.* ¶ 5. On appeal, "the primary issue [w]as whether the deposit of airborne particulates on land may sound in trespass rather than nuisance." *Id.* ¶ 8. The court began with the traditional view that trespasses involve "'intrusions' invading 'the possessor's interest in the exclusive possession of his land'" while nuisance involves "interference[s] with the interest in the private use and enjoyment of the land . . . [without] interference with the possession.'" *Id.* (quoting Restatement (Second) of Torts § 158 cmt. c, § 821D cmt. d).

The court discussed also the "'modern' theory of trespass that permits actions based on the invasion of intangible airborne particulates." *Marceau*, 2008 VT 61, ¶ 11. "Under this modern theory, invasions of intangible matter are actionable in trespass only if they cause substantial damage to the plaintiff's property, sufficient to be considered an infringement on the plaintiff's right to exclusive possession of the property." *Id.* The *Marceau* court left "for another day the question of whether the intrusion of airborne particulates may ever be a trespass, and, if so, what impact is required to sustain such an action," affirming summary judgment in its case because plaintiff had "failed to demonstrate any impact on its property from [defendant's] pesticides." *Id.* ¶ 14; *see also In re WorldCom, Inc.*, 546 F.3d 211, 217 (2d Cir. 2008) (finding no trespass for optical fiber light pulses over cables on land where no allegation that they damaged the land); *East St. Louis v. Netflix, Inc.*, 630 F.Supp.3d 1003, 1018 n.11 (S.D. Ill. 2022) (citing *In re WorldCom* and noting that not "a single court of the State of Illinois . . . has applied the modern view without requiring proof of physical damages to the land").

The Vermont Supreme Court subsequently signaled endorsement of a slightly reworded version of the modern theory of trespass it discussed in *Marceau*. In an unpublished decision which this court finds persuasive,[3] the court wrote, "because this case involves intangible air particulates, there must be a demonstrated physical impact on plaintiffs' property." *Paris v. Lussier*, 2010 WL 7791942, at *3. *Cf. Marceau*, 2008 VT 61, ¶ 11 (reciting modern theory that requires "substantial damage" instead of "demonstrated physical impact"). The court reasoned, "'we cannot presume an intrusion' on a landowner's right to exclusive possession 'in situations where the plaintiff fails to show that an intangible invasion of airborne particulates had a demonstrated physical impact.'" *Paris*, 2010 WL 7791942, at *3 (quoting *Marceau*, 2008 VT 61, ¶ 15). The court continued: "We acknowledge that smoke or soot, in a strict sense, is 'tangible' in the sense that it is comprised of physical elements, but we agree with other courts that have recognized, for practical purposes, that airborne particulates do not normally present themselves 'as a significant physical intrusion.'" *Id.* at *3 n.* (citations omitted). *Paris* approvingly quoted a leading treatise: "'[T]he mere intentional introduction onto the land of another of smoke, gas, noise, and the like, without reference to the amount thereof or other factors that are considered in connection with a private nuisance, is not actionable as a trespass.'" *Id.* (quoting Prosser & Keeton, Law of Torts § 13, at 71 (5th ed. 1984)).

Similar to this case, *Paris* involved a suit between neighbors claiming both nuisance and trespass. Plaintiffs suffered from respiratory restrictions allegedly worsened by the smoke, particulate and carbon monoxide that infiltrated their property and home from defendant's non-EPA-compliant wood stove. "[P]laintiffs focused on the effect that the smoke allegedly had on their physical health, making no mention of any 'demonstrated physical impact on [their] *property* resulting from the airborne particulates'". *Id.* at *3 (quoting *Marceau*) (emphasis in original). After trial, the court ruled for defendants on both claims and the Vermont Supreme Court affirmed.

The U.S. District Court for the District of Vermont has cited and applied *Paris* and *Marceau* to deny pre-trial motions seeking to defeat trespass claims based on intangible entries. *Addison Cent. Sch. Dist. v. Monsanto Co.*, No. 2:23-cv-00164, 2024 WL 4348194 (D. Vt. Sep. 30, 2024), involved multiple claims, including an action for trespass, brought by Vermont schools against the manufacturer of construction materials installed in schools now contaminated by the materials' PCBs. Discussing *Marceau* in detail and citing *Paris*, Chief Judge Reiss noted that, "[a]lthough a close question, accepting Plaintiffs' allegations as true, they plausibly allege property damage so severe that it will require, in some instances, demolition and replacement of entire buildings." *Id.* at *11. The court consequently denied defendant's motion to dismiss plaintiffs' trespass claim because they "plausibly alleged an unauthorized intrusion onto their land by Defendants based upon particulates that have caused 'substantial damage to the

---

[3] Trial courts may "consider three-justice decisions from [the Vermont Supreme] Court for their persuasive value, even though such decisions are not controlling precedent." *Washburn v. Fowlkes*, No. 2015-089, 2015 WL 4771613, at *3 (Vt. Aug. 2015) (unpub. mem.) (citing V.R.A.P. 33.1(d), which provides that an "unpublished decision by a three-justice panel may be cited as persuasive authority but is not controlling precedent," except under limited circumstances).

[P]laintiff's property[.]'" *Id.* (quoting *Marceau*, 2008 VT 61, ¶ 11); *see also Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-cv-125, 2017 WL 3726435, at *7 (D. Vt. May 1, 2017) (Crawford, J.) (citing *Marceau* and finding plaintiff's "assertions of potential health and safety concerns" from water contamination "sufficient for present purposes [of defending against a motion for judgment on the pleadings] to maintain the trespass action"); *cf. Burlington Sch. Dist. v. Monsanto Co.*, No. 2:22-cv-215, 2023 WL 4175344, at *7 & n.2 (D. Vt. Jun. 26, 2023) (Sessions, J.) (citing *Marceau* and denying a motion to dismiss trespass claim brought by school district against manufacturer of building materials allegedly releasing PCBs in school buildings because defendant had reason to know its materials would release PCBs).

This court concludes that Plaintiffs' trespass claim does not survive Myer's motion for summary judgment. Payson and Brunette have provided specific facts[4] of only insignificant damage to their property[5] from Myer's activities. Brunette has sworn that she and Payson must clean "constant[ly]" the "increased build-up of grime on [their] . . . windows." (Brunette Decl. ¶ 10.) *See Hill v. Wentworth*, 28 Vt. 428, 436 (1856) (noting that windows typically become part of the building when attached); *see also* 2 Tiffany Real Prop. § 609 (3d ed.) (noting that windows "have been regarded as part of the realty"). The rest of Plaintiffs' evidence relates to their personal property (e.g., furnishings and vehicles) or the enjoyment of their real property (e.g., use of their deck and yard) to which they have otherwise not "demonstrated physical impact." (*See* Brunette Decl. ¶¶ 6-14 (referencing "carpets and curtains," "enjoyment of our property," "cars, outdoor furniture," being "forced to flee" "gardening outside in our yard," and "our ability to entertain or eat outside on our deck").) Those facts may support Plaintiffs' claim for nuisance, but not trespass. *See Paris*, 2010 WL 7791942, at *3 n.* ("'[T]he mere intentional introduction onto the land of another of smoke, gas, noise, and the like, without reference to the amount thereof or other factors that are considered in connection with a private nuisance, is not actionable as a trespass.'") (quoting Prosser & Keeton, Law of Torts § 13, at 71 (5th ed. 1984)).

This court reads together the *Paris* footnote and main text, consistent with the reasoning of the decision, to conclude that a trespass claim based on "intangible air particulates" must at least prove "significant physical intrusion" to "demonstrate[] physical impact on plaintiffs'

---

[4] Plaintiffs allege but do not provide evidence that the "particulate matter of [Myer's] wood smoke" "fill[s]" their "house" and "penetrates all surfaces," and "settles on Plaintiffs' outside . . . property." (Compl. ¶ 9(b), (f).) Under Rule 56, however, they "must respond with specific facts to raise a triable issue and demonstrate sufficient admissible evidence to support a prima facie case." *Gates* 2022 VT 24, ¶ 14. "[A]n opposing party c[an] not rest upon mere allegations or denials in its pleading." 10B Wright & Miller Federal Practice and Procedure § 2739 (4th ed.). Relying on these allegations is not "respond[ing]" with "specific facts" as they must to defeat Myer's Rule 56 motion. As a result, the court considers only the specific facts Plaintiffs do offer, as noted in the main text above.

[5] "A diminution in property *value,* however, is not a type of physical damage to the property itself . . . ." *San Diego Gas & Elec Co. v. Superior Ct.*, 920 P.2d 669, 695–96 (Cal. 1996) (emphasis in original). Plaintiffs' nuisance claim, if successful, may remedy any diminution of property value they might have suffered. *See Baltimore & P.R. Co. v. Fifth Baptist Church*, 108 U.S. 317, 335 (1883) (noting that "[m]ere depreciation of the property was not the only element for consideration" for "the estimate of damages" in a nuisance case).

6

property" to survive Rule 56. *See Paris*, 2010 WL 7791942, at \*3 & n.\*. Plaintiffs' grimy windows do not satisfy the "substantial injury" requirement of the modern rule of trespass detailed but unadopted by *Marceau*. 184 Vt. 207, ¶ 11. Nor do they constitute a "significant physical intrusion" articulated by *Paris*. Plaintiffs have not provided, and this court has not found, an "intangible" trespass claim adequately supported by something like window grime alone. The possible demolition of school buildings from PCB contamination may present "a close question" under *Paris* and *Marceau*, but Plaintiffs' dirty windows do not. *See Addison Cent. Sch. Dist.*, 2024 WL 4348194, at \*11 (characterizing on a motion to dismiss as "a close question" under *Marceau* the potential remediation or replacement of school buildings) (Reiss, C.J.); *cf. Baltimore & P.R. Co. v. Fifth Baptist Church*, 108 U.S. 317, 335 (1883) ("It is an actionable nuisance to build one's chimneys so low as to cause the smoke to enter his neighbor's house."). Window grime in no meaningful way interferes with Plaintiffs' exclusive possession of their real property as required for trespass. In Payson's words: "We don't have an inability to live in the house. We have an inability to keep the windows open." (Def.'s Stmt. Ex. B, at 35.) The court, therefore, grants summary judgment on Plaintiffs' trespass claim because Plaintiffs have not "respond[ed] with specific facts to raise a triable issue and demonstrate sufficient admissible evidence to support a prima facie case." *Gates*, 2022 VT 24, ¶ 14.

### 3. Negligence

"The four elements of a prima facie negligence claim are well established: (1) 'a legal duty owed by defendant to plaintiff,' (2) 'a breach of that duty,' (3) an 'actual injury to the plaintiff,' and (4) 'a causal link between the breach and the injury.'" *Zeno-Ethridge v. Comcast Corp.*, 2024 VT 16, ¶ 33, 219 Vt. 121, 138 (citations omitted). "Generally, duty is a question of law, while breach and causation are questions of fact." *Driscoll v. Wright Cut & Clean, LLC*, 2024 VT 49, ¶ 7, 219 Vt. 623, 627. "An 'actual injury,' for purposes of a personal injury negligence claim, most often equates to physical injuries." *Zeno-Ethridge*, 2024 VT 16, ¶ 33. (citation omitted). "Mental or emotional harms like PTSD" will support claims for negligent infliction of emotional distress, but not negligence. *Id.* ¶ 36. "In the absence of any actual injury, plaintiff cannot make out a prima facie case of negligence." *Id.* ¶ 37.

Likewise, "'[a]bsent a duty of care, an action for negligence fails.'" *Gus' Catering, Inc. v. Menusoft Sys.*, 171 Vt. 556, 559 (2000) (citation omitted). "Whether or not one party owes a duty to another is an expression of policy considerations about when people are entitled to legal protection. Thus, whether a duty is owed is primarily a legal question in which the Legislature or courts 'apply general categorical rules' establishing or withholding liability." *LeClair v. LeClair*, 2017 VT 34, ¶ 10, 204 Vt. 422, 429 (citing Restatement (Third) of Torts § 7 cmt. a (2010)) (other citations omitted). If injury to a defendant does not result from any breach of a legal duty owed to him or her by a plaintiff, he or she cannot succeed on a negligence claim. *E.g.*, *Cheney v. City of Montpelier*, 2011 VT 80, ¶ 10, 190 Vt. 574, 576–77 (affirming judgment for city defendant where plaintiff "landowner failed to prove that the water main broke due to the City's breach of duty"); *cf. Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 14, 209 Vt. 514, 521 ("Dismissal of a negligence action is appropriate where the plaintiff has not pled facts that, if true, could establish that the defendant had a duty of care to the plaintiff.").

On the legal question of the duty potentially involved in this case, the parties focus on other possible South Burlington code violations (since they agree Myer's is not violating the city's visible emissions standards) and other unidentified emissions standards as the basis for any duty Myer's may owe Plaintiffs. (*See* Def.'s Mot. at 4-5; Def.'s Rep. at 3; Pls.' Opp. at 7-8.) But Myer's may owe Plaintiffs another duty as well:

> It is the duty of an abutter to keep his property from becoming a source of danger to the traveling public by reason of any defect either in construction, use or repair, so far as the exercise of the care of a prudent man can guard against the same. If he artificially collects upon his own premises a substance which, from its nature, is liable to escape and do damage to others, he must use due care to restrain it, and is liable for damages resulting from his failure to do so.

*Murray v. Nelson*, 97 Vt. 101, 102 (1923). The Vermont Supreme Court has extended this duty to apply to neighboring abutters. *See Butterfield v. Cmty. Light & Power Co.*, 115 Vt. 23, 25 (1946) (upholding jury verdict for abutting plaintiff electrocuted by defendant's power lines which fell onto plaintiff's land); *see also Baisley v. Missisquoi Cemetery Ass'n*, 167 Vt. 473, 480 (1998) (citing *Butterfield* and reversing summary judgment for defendant where neighboring plaintiff climbed a tree that overhung defendant's metal-spiked fence which impaled plaintiff).

To decide this motion, this court does not need to pick which duty applies because Plaintiffs have not demonstrated a prima facie case that Myer's breached either one. The only evidence on whether any code or standard violation exists comes from Payson's deposition:

> Q:    . . . . In other words, do you contend that Myer's Bagels is in violation of some ordinance of the city of South Burlington or simply that what they're doing somehow impacts your ability to live in your house?
>
> A:    The latter.

(Def.'s Stmt. Ex. B, at 35.) Brunette's declaration, the only affidavit submitted by Plaintiffs, makes no mention of any violation either.

Similarly, Plaintiffs have not offered any evidence about any "danger," "defect" or "the exercise of the care of a prudent [hu]man" under the circumstances to establish a prima facie case that Myer's violated a *Murray*-type duty. *See Murray*, 97 Vt. at 102. They agree that Myer's "installed a blower in an effort to remediate the issue." (Brunette Decl. ¶ 4.) But they assert that their concerns remain unresolved to their satisfaction. (*Id.*, Def.'s Mot. Ex. B, at 35.) These facts do not, however, establish that Myer's breached any duty to Plaintiffs. The court, therefore, grants summary judgment on Plaintiffs' negligence claim because Plaintiffs have not "respond[ed] with specific facts to raise a triable issue and demonstrate sufficient admissible evidence to support a prima facie case." *Gates*, 2022 VT 24, ¶ 14.

### III. Order

For the reasons discussed above, the court GRANTS Myer's Motion for Summary Judgment (Mot. 2) on Counts II (Trespass) and III (Negligence) and DENIES the Motion on Count I (Nuisance).

The parties shall attend mediation and jointly report the outcome to the court by February 27, 2026.

Electronically signed pursuant to V.R.E.F. 9(d) on December 19, 2025.

Colin Owyang
Superior Court Judge

9